IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                            Criminal No. 1:00cr16

JOHN ROBERT RENNER,
        Defendant.

*U.S. DISTRICT COURT RECEIVED AT WHEELING, WV — MAY 18 2000 — NORTHERN DISTRICT OF WV OFFICE OF THE CLERK*

*FILED JUN 2 – 2000 U.S. DISTRICT COURT CLARKSBURG, WV 26301*

## PLEA AGREEMENT

I. **Introduction**

    A.  All references to the "defendant" in this plea agreement refer to John Robert Renner.

    B.  All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1987, as amended.

    C.  The defendant will waive his right to indictment by a Grand Jury and will plead guilty to a one count Information to be filed with this plea agreement.

II. **The Plea**

    A.  The defendant will plead guilty to:

| Count | Charge |
|---|---|
| 1. One | Title 18, USC, §1341 – Mail Fraud |

_____      4-7-00
Defendant                                Date Signed

_____      4-7-00
Attorney For Defendant           Date Signed

B. The maximum penalty which may be imposed as a result of this plea is:

| Count | Sentence | Supervised Release | Fine |
|---|---|---|---|
| 1. One | Five Years | 3 Years | $250,000.00 |

In addition, the defendant understands the Court will impose a special assessment of $100.00 for each felony conviction.

C. The Court may also order that the defendant pay restitution and any costs of imprisonment, probation and supervised release.

III. Cooperation By Defendant

A. The defendant will be completely forthright and truthful with the Office of the United States Attorney and federal agents with regard to any inquiries made of the defendant. The defendant agrees to give signed, sworn statements and grand jury and trial testimony and to submit to a polygraph examination, if requested by the Office of the United States Attorney.

B. The defendant agrees not to divulge the fact of this cooperation or the contents of these statements to any persons, other than counsel, the Court or the Probation Office.

C. Nothing contained in any statement or any testimony given pursuant to the above paragraphs will be used against the defendant as the basis for any subsequent prosecution; however, in accordance with Guideline Section 1B1.8, such information will be made known to the sentencing court but may not be used by the court to increase the guideline range. Furthermore, this agreement does <u>not</u> prevent the defendant from being prosecuted by the United States for other violations of federal laws, except for the offense behavior covered in paragraphs II and III above, should such evidence be obtained from an independent and legitimate source, separate and apart from that information and testimony being provided pursuant to this agreement.

_____
Defendant

_____
Attorney For Defendant

4-7-00
Date Signed

4-7-00
Date Signed

D. The defendant agrees to provide at the time of sentencing a certified check or money order in the amount of $100.00 made payable to the United States District Court for the special assessment.

E. The defendant shall make full restitution to Allstate Insurance Company.

F. Nothing in this agreement shall prevent the United States from prosecuting the defendant for obstruction of justice, or perjury or the giving of a false statement, should such conduct occur after the date of this agreement.

IV. Sentencing Recommendations

A. There have been no representations whatsoever by any agent or employee of the United States or any other law enforcement agency or the defendant's attorney as to what the final sentence will be.

B. This agreement does include nonbinding recommendations by the United States, pursuant to Rule 11(e)(1)(B), F.R.Cr.P.; however, the defendant understands that the Court is not bound by these sentencing recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

C. The United States will make the following nonbinding recommendations:

1. That the Court credit the defendant with a reduction of two levels below the otherwise applicable guideline range for "acceptance of responsibility," as provided by Guideline 3E1.1.

2. That any fine imposed should be at the lower end of the guideline range.

3. That the court sentence the defendant to the lowest end of the guideline ultimately found to be applicable by the court.

_____
Defendant

_____
Attorney For Defendant

4-7-00
Date Signed

4-7-00
Date Signed

4. That the court sentence the defendant to the minimum period of supervised release.

5. That if the defendant qualifies for probation under the guidelines, the United States will recommend probation.

6. In support of these recommendations, the following facts are relevant to sentencing, and these facts are admitted as being true by the defendant and the United States:

   In October of 1997, the defendant JOHN ROBERT RENNER was dissatisfied with automobile and made arrangements to have his vehicle, a 1990 Subaru Legacy automobile stolen. The purpose of the theft was so the defendant could turn in a loss to the insurance company. In November, 1997, the defendant sent a claim form to his insurance company using the U.S. mails for the value of his loss to his insurance company Allstate. The insurance company then paid the defendant a total of approximately $6,635.00 for the loss of the vehicle.

V. Waiver of Certain Appellate Rights

A. If the Court finds that the applicable guideline range is level six or less, then the defendant waives the right under Title 18, USC, §3742(a)(2) to appeal the sentence on any ground that it was imposed as a result of an incorrect application of the sentencing guidelines.

B. If the court arrives at a guideline and sentence that is not in agreement with a position advanced by the government at sentencing, the government retains its right during any appeal to argue for the support of the court's sentence.

_____     4-7-00
Defendant                     Date Signed

_____     4-7-00
Attorney For Defendant        Date Signed

4

VI. **Conclusion**

    A. If the defendant hereafter engages in conduct defined under the Application Notes, 1.(a) through (e) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the recommendations in paragraph IV.C., and the defendant will have no right to withdraw the plea.

    B. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

    C. The above paragraphs constitute the entire agreement between the defendant and the United States of America in this matter. There are no other agreements, understandings or promises between the parties other than those contained in this agreement.

_____    4-7-00
Defendant                          Date Signed

_____    4-7-00
Attorney For Defendant             Date Signed

                  UNITED STATES OF AMERICA
                  Melvin W. Kahle, Jr.

By: Sherry L. Muncy
    Assistant United States Attorney

Date: 5/17/2000

5